UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID BRIAN HENSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-222-HAB-SLC |
| B. HAIGHT, et al., | |
| Defendants. | |

OPINION AND ORDER

David Brian Henson, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Henson claims that on June 5, 2020, while he was serving a sentence at the Adams County Detention Center, he was assaulted by another inmate. He was in the nurse's office getting medical attention, when Officer B. Haight came and asked Henson what happened. Henson told the officer that he "fell down" because he "did not want to discuss it." He claims that Officer Haight became angry and asked the nurse if he was "done" with Henson. She replied that she was. As Officer Haight was taking Henson back to his cell, he began punching him in the shoulder and upper neck area. He then grabbed Henson by his "jail issued jump suit" and rammed his body into a metal bench, causing injuries to his knees, shoulder, neck, and lower back. Another officer intervened

and told Officer Haight to stop, which he did. Henson claims that Officer B. Thieme and Sergeant Alex Will stood by while Officer Haight was beating him and did nothing. Based on these events, Henson sues Officer Haight, Sargent Will, Officer Thieme, Jail Commander James Miller, and Adams County Sheriff Dan Mawhorr, seeking monetary damages and other relief.

The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Henson the inferences to which he is entitled at this stage, he alleges a plausible excessive force claim against Officer Haight. Specifically, the complaint can be read to allege that even though he was not resisting or causing any difficulties, Officer Haight punched him repeatedly and threw him into a metal bench, causing him pain and injury.

As for Sergeant Will and Officer Thieme, a prison staff member "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Giving Henson the inferences to which he is entitled at this stage, he has alleged a plausible claim that these two officers had a realistic opportunity

2

to intervene to stop Officer Haight's use of excessive force. Indeed, Henson states that another officer standing nearby did intervene, and as a result Officer Haight stopped beating him. He will be permitted to proceed past the pleading stage against these two defendants.

Henson also names the jail commander and the county Sheriff as defendants, but there is nothing to suggest that they had personal involvement in this incident, and they cannot be held liable for damages solely because they oversee operations at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Nor has Henson alleged a plausible claim against them in their official capacities under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). They will be dismissed as defendants.

For the reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer B. Haight, Sargent Alex Will, and Officer B. Thieme in their personal capacities on a claim for monetary damages for using excessive force against the plaintiff on or about June 5, 2020;

(2) DISMISSES all other claims;

(3) DISMISSES Jail Commander James Miller and Adams County Sheriff Dan Mawhorr as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer B. Haight, Sargent Alex Will, and Officer B. Thieme, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer B. Haight, Sargent Alex Will, and Officer B. Thieme to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 2, 2020.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT